■ In the Matter of JAMES HERSCH et al., Appellants, v. WILLIAM E. STROUP, as Assessor of the City of Elmira, Respondent.— Appeal from an order of the Supreme Court, Chemung County, denying appellants a reduction of a tax assessment for the year 1959 on certain real property owned by appellants in the City of Elmira. The parties have stipulated that the 1958 assessment on the property was erroneous and should be reduced by a substantial amount and Special Term has so ordered. It is also stipulated, however, that appellants did not file a written protest as required by then section 27 of the Tax Law (now Real Property Tax Law, § 512) against the 1959 assessment or commence a proceeding in conformance with section 290-a of the Tax Law (now Real Property Tax Law, § 702) within the time prescribed therein. It is appellants' contention that their counsel was advised orally by the City Assessor that it would not be necessary for appellants to commence proceedings with respect to the 1959 assessment since they would be a mere repetition of the 1958 proceedings already in progress and that. any settlement rendered on the 1958 assessment would apply likewise to the 1959 assessment. The city's position is that while it does not deny the actions of the City Assessor, it will not formally agree to waive the required formal protest and the initiation of proceedings and thus there can be no reduction for 1959. Special Term has refused to order any reduction for 1959 on the grounds that the city could not waive the procedural requirements which it found had not been complied with and that it was without jurisdiction in the matter. We concur in the result rendered by Special Term. Appellants to this date have never commenced a proceeding with respect to the 1959 assessment and, of course, the fact that proceedings were pending concerning the year 1958 would not grant Special Term jurisdiction to delve into other years. Without initiation of proceedings directed at reviewing the assessment for the year in dispute we do not find this issue properly before the court (cf. *Matter of Deering Realty Corp.* v. *Podeyn*, 18 A D 2d 821). Furthermore, were the issue properly before us the record would not seem to support granting the relief sought. While waiver of the requirements here involved has been permitted in unusual cases such as where the municipality involved stipulated to that effect in open court (*Matter of Deering Realty Corp.* v. *Podeyn, supra*; see, also, *Teresta* v. *City of New York*, 304 N. Y. 440; *Murray* v. *Roberts*, 269 App. Div. 730), the general tenor of the New York decisions is against applying the doctrine of waiver or estoppel in connection with tax matters (see 21 N. Y. Jurisprudence, Estoppel, § 78). This is especially true where as here the representations

allegedly amounting to the waiver were made by an agent of the city, albeit in an area connected with his specific functions, rather than by action of the governing body (see 21 N. Y. Jurisprudence, Estoppel, § 81; *Winter* v. *City of Niagara Falls,* 190 N. Y. 198; *Parsons* v. *Village of Dannemora,* 275 App. Div. 738). Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.