In the Matter of TURNER CONSTRUCTION COMPANY, Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, May 5, 1977

---

*French, Fink, Markle & McCallion (Fred P. Ellison* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Robert W. Bush* and *Ruth Kessler Toch* of counsel), for respondent.

LARKIN, J. In 1963 petitioner Turner Construction Company entered into a contract with the United States of America, through the General Services Administration (GSA), for the construction of a Federal office building in New York City. Thereafter, in 1967, the respondent, in reply to a request by the GSA regional counsel, advised that petitioner Turner would be entitled to a refund for sales tax paid for tangible personalty used solely in the performance of the GSA contract pursuant to the applicable refund provisions of the State and city tax laws for the payment of increased State and city sales taxes on building materials purchased in the performance of a Federal contract. Petitioner filed a claim for refund of sales tax and, in response, the Department of Taxation and Finance, by letter to the petitioner, referred to the petitioner's "claim for refund * * * in connection with a lump sum construction contract". The petitioner was advised that "a refund in the amount of $45,940.15 will be approved" and

further informed that the determination "shall be final and irrevocable unless you [petitioner] apply to the State Tax Commission for a hearing within ninety days". The petitioner made no application for a hearing, and a refund check was issued with the explanation appearing on the refund voucher indicating that the refund was made on the basis set forth in the Tax Commission's approval.

In December, 1969 the Sales Tax Bureau issued a notice of determination assessing tax due in the amount of the refund plus interest on the ground that the refund claim was invalid because the contract on which the refund was based was not a pre-existing lump-sum contract within the provisions of paragraph 3 of subdivision (a) of section 1119 of the New York State Tax Law. Petitioner applied for a hearing to review the assessment. At this hearing, testimony was adduced that the Senior Sales Tax Examiner did not see the tax escalation clause when the original refund determination was made. In December, 1975 the respondent denied the petitioner's application to cancel and annul the assessment and, in so doing, concluded (1) that the contract in question was not a pre-existing lump-sum contract; (2) that the issuance of the refund was clearly erroneous; and (3) that their prior decision granting a refund was not binding upon them in any fashion (Tax Law, § 1119, subd [a], par [3]; § 1142, subd 6). Thereupon, the petitioner commenced the instant article 78 proceeding.

The petitioner alleges that the determination granting a refund became final and irrevocable after 90 days by reason of the statute. Subdivision (b) of section 1139 of the Tax Law states in part: "Such determination [the refund] shall be final and irrevocable unless the applicant shall, within ninety days after the mailing of notice of such determination, apply to the tax commission for a hearing". In our view the finality provided in the statute is applicable only to the taxpayer's ability to challenge a determination and obtain a review thereof. We find no statutory time barrier prohibiting recovery of erroneous refunds. Public policy favors full and uninhibited enforcement of the Tax Law, and the general rule that estoppel cannot be employed against the State or governmental subdivision is particularly applicable with respect to the Tax Commission (*Matter of Jamestown Lodge 1681 Loyal Order of Moose [Catherwood]*, 31 AD2d 981; *Matter of Hersch v Stroup*, 19 AD2d 664, mot for lv to app den 13 NY2d 597; 21 NY Jur, Estoppel, § 78. See generally *New York City Employees' Re-*

*tirement System v Eliot,* 267 NY 193; *Matter of Newcomb v New York State Teachers' Retirement System,* 43 AD2d 353, affd 36 NY2d 953).

In *Saltser & Weinsier v McGoldrick* (295 NY 499), the pivotal question was whether the Comptroller of the City of New York had the power to revoke local sales tax determinations for a three-year period, subsequent to that period, and proceed to redetermine sales tax deficiencies at higher amounts. The court there held that final and irrevocable language should be given its ordinary meaning, and that there was no indication of a clear legislative design to permit retroactive power by redetermination. *Saltser* may be distinguished from the instant case, however, in that in *Saltser* there was no claim of mere error or mistake in the first instance, but rather a *de novo* redetermination was attempted. In the instant case, the respondent State Tax Commission merely asserts the power to correct. The critical issue presented is whether the change attempted by the respondent is that of a clerical type of error or one due to erroneous judgment. In the latter instance a more explicit statutory grant of authority is necessary to justify a change (see, e.g., *Matter of Newcomb v New York State Teachers' Retirement System, supra; Matter of Turner v Levitt,* 4 NY2d 169).

There is testimony in this record, elicited by the department, that the examiner did not consider the tax adjustment clause, which the respondent contends would require a finding that the GSA contract was not a "lump-sum" contract so as to qualify for the reduction. In the process of making the initial determination of a refund, however, the clause in question was submitted to the department and was specifically referred to in correspondence from the GSA counsel. Nevertheless, the testimony lends support to the conclusion that the oversight was a ministerial error, and as such, authority exists to correct clerical mistakes (cf. Tax Law, § 683, subd [c], par [5]).

Petitioner further alleges that the prior determination to grant the refund of the sales tax is binding upon the department under the doctrines of *res judicata* and accord and satisfaction. The principle of *res judicata* is applicable to administrative proceedings, with certain exceptions. Departures from the rule of *res judicata* in administrative law "spring from the peculiar necessities of the particular case or the nature of the precise power being exercised" *(Matter of Evans v Monaghan,* 306 NY 312, 324). Herein public policy

provisions dictate that the doctrine of *res judicata* should not be applied. The State Tax Commission should not be precluded from correcting clerical errors to the detriment of the general taxpaying public. The doctrine of accord and satisfaction is a form of estoppel and is available against a governmental body only in limited instances. In addition, a binding contract may not result where one party is mistaken or ignorant of the true facts. Herein the Tax Commission alleges that they were unaware of the true facts of the case at the time that they approved the refund.

The determination should be confirmed, and the petition dismissed, without costs.

KOREMAN, P. J., GREENBLOTT, MAIN and HERLIHY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.