■ In the Matter of LONG ISLAND RELIABLE CORP., Petitioner, v TAX COMMISSION OF THE DEPARTMENT OF TAXATION & FINANCE OF THE STATE OF NEW YORK, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a sales tax assessment imposed under article 28 of the Tax Law. The petitioner is a domestic corporation selling oil. It purchased the customer list, delivery routes, maintenance and service contracts, business telephone number and the name of Qualified Burner Service, Inc., from said corporation on September 3, 1969. The Tax Commission was notified of the sale on February 11, 1970. The Tax Commission determined on July 20, 1970 that the transaction constituted a bulk sale of business assets of Qualified Burner Service, Inc., in accordance with the meaning and intent of subdivision (e) of section 1141 of the Tax Law, and that petitioner was liable for unpaid sales taxes due from Qualified Burner Service, Inc., because petitioner had failed to advise respondent of the sale 10 days before taking possession of the subject of said sale as required by the statute. It demands $16,222.52 which sum includes interest and penalties. Petitioner urges an annulment of the determination on the ground, *inter alia,* that subdivision (c) of section 1141 does not apply to the sales of intangibles. It contends that because subdivision (c) of section 1141 refers to article 6 of the Uniform Commercial Code, the code determines what constitutes a bulk sale. We disagree. The reference to the code relates to the additional liabilities a

purchaser is subject to if he fails to give timely notice of sale. We do not conclude that the definition of bulk sale is, therefore, circumscribed by article 6 of the code. Subdivision (c) of section 1141 defines a bulk sale as a sale of any part of a business' assets. The word "asset" given its ordinary meaning, means an item of value owned (Webster's Third New International Dictionary, Unabridged). We conclude that asset includes such items as a customer list and the various other items sold to petitioner by Qualified Burner Service, Inc. Petitioner additionally contends that only purchasers as defined by section 1101 (subd [b], par [2]) of the Tax Law need give notice pursuant to subdivision (e) of section 1141 of the Tax Law. Section 1101 (subd [b], par [2]) defines a purchaser as "a person who purchases property or to whom are rendered services, the receipts from which are taxable under this article." Since petitioner claims it did not purchase property, but rather intangibles, it argues, a fortiori, that the transaction is not taxable. We find this argument specious not only because we conclude that a majority of the assets which changed hands here are tangible property, but on the additional ground that the sale of a customer list is the sale of information and is, therefore, taxable under subdivision (c) of section 1105 of the Tax Law *(Matter of Drey Co. v Sales Tax Comm.,* 67 AD2d 1055). We find petitioner's other arguments without merit. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.