In the Matter of SACHS NEW YORK, INC., Petitioner, v JAMES H. TULLY et al., Constituting the State Tax Commission, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained a sales and use tax assessment imposed pursuant to articles 28 and 29 of the Tax Law. Petitioner operates a chain of retail furniture stores throughout the New York City area. On November 21, 1973, after an audit, the Sales Tax Bureau of the State Department of Taxation and Finance determined that petitioner owed a deficiency of $697,409.37 on sales tax returns for periods beginning in September, 1969 through February, 1973. On December 13, 1978, the State Tax Commission, on agreed facts, sustained the bureau's determination except to the extent that excess interest and the penalty imposed pursuant to subdivision (a) of section 1145 of the Tax Law were waived. Petitioner contends, and respondent concedes, that $101,012 of the tax imposed is attributable to credit sales which had been previously reported but later proved to be uncollectible. The Sales Tax Bureau and the State Tax Commission disallowed deductions for these uncollectible accounts. On the authority of *Matter of Abraham & Straus v Tully* (47 NY2d 207), we now hold that the commissioner's determination to disallow deductions for petitioner's uncollectible debts incurred on credit sales was incorrect. Therefore, while respondent allowed a waiver of excess interest and penalty, its disallowance of bad debt deductions created an inaccurate account of tax liability. Accordingly, a remand is necessary for recomputation of the tax due. Petitioner further contends that there is no substantial evidence in the record to support respondent's determination that petitioner improperly reported its sales taxes by using an installment method. Clearly, the commission has the authority to impose a sales tax deficiency when a taxpayer fails to report and pay the full tax due in those periods in which the sales are consummated (Tax Law, § 1105, subd [a]; § 1101, subd [b], pars [3], [5]; § 1132, subd [a]). Further, petitioner admitted the use of the installment method in its application to the commission to review the determination of the Sales Tax Bureau. Consequently, we find that there is substantial evidence on the record to support the commission's determination that petitioner failed to report its sales taxes in the periods in which the sales were consummated. Additionally, we reject petitioner's assertion that the commission is estopped from finding petitioner's reporting methods improper because petitioner's sales tax returns were audited in 1965-1969 and no comment was made on the petitioner's use of that method. An estoppel argument is not proper here since no manifest injustice will result from what appears to have been an oversight in a prior audit (see *Matter of Turner Constr. Co. v State Tax Comm.*, 57 AD2d 201, 203). Next, petitioner's contention that its tax liability should be measured by the difference between the tax paid in each audited period and the actual tax due for that period is without merit since that figure is incapable of being actually computed. As the record makes clear, the parties

stipulated that petitioner had filed its return for the audited period and paid the amounts stated, but such stipulation does not contain any agreement that the amounts paid were correct. Thus, respondent is not precluded by the stipulation from inferring that petitioner included in "taxable sales" on its return installment payments that should have been reported in prior periods. This uncertainty as to the amount owed was complicated further by respondent's attorney's statement at oral argument that the tax commission is presently of the view that petitioner has paid its taxes in full and the only matter at issue is the amount of interest due. Accordingly, we remit this matter to the State Tax Commission for further consideration in accordance with *Matter of Abraham & Straus v Tully (supra)*, and also to clarify the amount of tax, if any, in dispute and in so doing direct the tax commission to specifically set forth the method used in arriving at the total tax due with a period by period itemization of the figures employed in establishing the sales tax liability of petitioner. Determination modified by annulling so much thereof as disallowed deductions for petitioner's uncollectible debts incurred on credit sales; matter remitted for further proceedings not inconsistent herewith, and, as so modified, confirmed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Herlihy, JJ., concur.