■ In the Matter of Moog, Inc., Appellant, v James H. Tully et al., Constituting the State Tax Commission, Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Pennock, J.), entered May 31, 1983 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioner's petition for refund of sales and use taxes paid for the period February 1, 1975 through December 31, 1976, was denied by respondents. Petitioner commenced this CPLR article 78 proceeding to challenge the determination and respondents moved to dismiss the petition upon the ground that petitioner failed to file an undertaking prior to commencing the proceeding as required by subdivision (b) of section 1139 of the Tax Law. Petitioner opposed this motion, asserting that subdivision (b) of section 1243 of the Tax Law applied and did not require an undertaking to be filed as a prerequisite to commencing the proceeding. An undertaking was thereafter filed pursuant to an order of Supreme Court and petitioner then served an amended petition,* which reflected the undertaking having been filed. Special Term subsequently granted respondents' motion to dismiss the petition and this appeal followed.

Petitioner's claim that it could challenge respondents' determination under subdivision (b) of section 1243 of the Tax Law

---

* Petitioner served the amended petition and filed the undertaking for costs with the State Tax Commission on October 29, 1982, which was after the four-month limitation period for the commencement of a proceeding to review the June 2, 1982 determination of the commission. Thus, petitioner was at that time barred from commencing a new proceeding.

without filing an undertaking prior to commencing the proceeding must fail. It is evident that the petition for a refund was for taxes imposed under certain sections of articles 28 and 29 of the Tax Law which require respondents to administer and collect the taxes. The procedure for challenging respondents' determination of a petition for refund of such taxes is delineated in subdivision (b) of section 1139 of the Tax Law and such procedure applies regardless of whether such tax is imposed under article 28 of the Tax Law, wherein subdivision (b) of section 1139 is found, or under article 29 of the Tax Law, wherein section 1250 incorporates subdivision (b) of section 1139 by reference. The procedure delineated in subdivision (b) of section 1243 of the Tax Law applies to taxes which are administered by cities, counties and school districts, and such is not the case with the taxes at issue herein. Thus, petitioner was required, pursuant to subdivision (a) of section 1139 of the Tax Law, to file an undertaking prior to commencing this proceeding and Special Term was correct to dismiss the petition for failure to comply with this requirement.

We are unpersuaded by petitioner's argument that because respondents' letter, which informed petitioner of the determination of respondents and of the right to further review mentioned section 1243 of the Tax Law, respondents should be estopped from arguing that the provisions of subdivision (b) of section 1243 are not applicable. The Tax Law should be enforced fully and uninhibitedly and "the general rule that estoppel cannot be employed against the State or governmental subdivision is particularly applicable with respect to the Tax Commission" (*Matter of Turner Constr. Co. v State Tax Comm.,* 57 AD2d 201, 203). Thus, estoppel is usually applied against the Tax Commission only when it is necessary to prevent manifest injustice (see, e.g., *Matter of Sachs N. Y. v Tully,* 79 AD2d 1056).

In this case, there are no facts to support a finding of such manifest injustice. The letter referred to by petitioner states, "Pursuant to section(s) 1139 & 1243 of the Tax Law, [judicial review is available]." The reference to "section(s)", in what appears to be a form letter, indicates only that either or possibly both sections may apply and makes no representation as to petitioner's case. Such cannot be considered an invitation by respondents for petitioner to appeal the determination pursuant to subdivision (b) of section 1243 of the Tax Law and is an insufficient basis upon which to apply estoppel against respondents. Accordingly, Special Term's judgment dismissing the petition must be affirmed.

Judgment affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.