■ In the Matter of ALLIED STORES CORPORATION, Doing Business as DEY BROTHERS COMPANY, Petitioner, v STATE TAX COMMISSION, Respondent.—Kane, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

This CPLR article 78 proceeding concerns a sales and use tax assessment imposed on petitioner as the result of its termination of two licensing agreements with John F. Davis Company, Inc. (Davis) in a document entitled "Purchase and Sale Agreement", executed August 14, 1978.

Allied Stores is a corporation with divisions throughout the United States. Two of these divisions are petitioner and Allied Stores of Penn-Ohio, Inc. (Penn-Ohio). Insofar as pertinent to this proceeding, petitioner operates two department stores in this State: a Dey Brothers store in downtown Syracuse and a Dey Brothers store in Shoppingtown Mall, Town of De Witt, Onondaga County. Also, Penn-Ohio operates department stores at seven locations in Pennsylvania and New York. At various times, petitioner and Penn-Ohio entered into license agreements which authorized Davis to operate restaurants in the nine stores.

Some time before the purchase and sale agreement was executed in 1978, petitioner became aware of problems with Davis' management of the two restaurants. Customers complained about the quality of the food being served by Davis in both stores, and petitioner learned that fixtures and equipment were not being properly maintained and that creditors were not being paid promptly. In addition, petitioner learned that Davis was not remitting sales tax to the Department of Taxation and Finance (Department). Petitioner took steps to correct this last problem by remitting the sales tax itself.

Petitioner considered that Davis' problems were damaging its reputation. When it informed Allied Stores about these problems, petitioner learned that Penn-Ohio was having similar problems with Davis. Allied Stores decided that a termination of all license agreements with Davis was necessary to "rid

Allied of the Davis Company's services", i.e., to get back the leased space in each of the nine stores.

Accordingly, on August 14, 1978, petitioner and Penn-Ohio entered into a single purchase and sale agreement with Davis for the leased space in all nine stores. Under the terms of the agreement, the previous license agreements were to end on September 4, 1978 and Davis was to convey to petitioner or Penn-Ohio all restaurant equipment not already owned by petitioner or Penn-Ohio for a total consideration of $125,000.

The Department issued a "Notice of Determination and Demand for Sales Tax and Use Taxes Due" against petitioner in the amount of $22,506.26. A penalty of $4,680.49 was assessed, as was interest in the amount of $4,470.81, for a total of $31,657.56. The liability consisted of $1,944.44 tax due on the sale of assets, with the remainder representing sales taxes left unpaid by Davis and extended to petitioner pursuant to Tax Law § 1141 (c) since neither petitioner nor Davis had informed respondent of the alleged bulk sale.

On December 11, 1979, petitioner filed an application for revision of the above-mentioned assessment. Following a hearing, respondent arrived at the following conclusion. First, the purchase and sale agreement constituted a bulk sale, and since petitioner had failed to notify the Department of such sale, it was liable for the sales and use tax determined to be due from Davis. However, petitioner's liability for sales tax left unpaid by Davis was limited to two ninths of $125,000, or $27,777.78 (see, Tax Law § 1141 [c]). Second, there was a transfer of tangible personal property to petitioner with respect to the Syracuse store and, therefore, petitioner was liable for $972.22 in sales tax on assets sold. Third, there was no transfer of tangible personal property with respect to the De Witt store, so the $972.22 tax on assets sold was canceled. Fourth, petitioner's failure to file a return or pay tax was due to reasonable cause. Consequently, penalties and interest over the statutory minimum were waived. This CPLR article 78 proceeding ensued and was transferred to this court.

Petitioner argues that no bulk sale occurred because assets transferred at the Syracuse store were of minimal value and because no assets were transferred at the De Witt store, since petitioner already owned the fixtures and equipment. While petitioner acknowledges the definitions of bulk sale and business assets contained in the regulations (20 NYCRR 537.1 [a], [b]), petitioner argues that these definitions do not apply because they became effective after the final transaction with Davis.

Petitioner's argument assumes that a bulk sale is a sale only when it concerns tangible personal property. However, such argument has previously been rejected by this court *(Matter of Higgins & McLaughlin v New York State Tax Commn.,* 109 AD2d 1029; *Matter of Long Is. Reliable Corp. v Tax Commn.,* 72 AD2d 826, *lv denied* 49 NY2d 707).

Finally, contrary to petitioner's contention, we fail to find that respondent's allocation of the value of the transfer was unreasonable *(see, Matter of Surface Line Operators Fraternal Org. v Tully,* 85 AD2d 858).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.