■ In the Matter of MEADOWBROOK REMOVAL CORPORATION, Petitioner, v STATE TAX COMMISSION OF THE DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW YORK, Respondent.—Mikoll, J.

Petitioner was a corporation formerly engaged in the industrial waste removal business. In June 1980, it was formally dissolved. Prior to petitioner's dissolution it entered into six contracts for the sale of its business assets. These agreements allocated a portion of the sale price to the price of the equipment. A portion was also allocated in each contract to a restrictive covenant prohibiting petitioner, the president of which was described as an "aggressive businessman", from taking named customers back for a period of five years. A list of customers was attached to five of the contracts. However, the contract made with Long Island Rubbish Removal 5-Boros

Corporation (Long Island Rubbish) involved only one customer and this name was furnished orally to Long Island Rubbish by petitioner.

The Audit Division of the Department of Taxation and Finance conducted an audit of petitioner and determined it owed sales tax of about $20,000 on the purchase of equipment which had occurred prior to the sale of the assets or the bulk sale. Subsequent to the payment of this tax and after petitioner's dissolution, petitioner received a letter indicating that its sale of the customer lists concerning the six contracts was a taxable transaction that had not been considered in the prior tax assessment. Petitioner then received a second notice of sales tax due in the sum of $76,919.36 on the total amount allocated by the contracting parties to the restrictive covenants.

Petitioner challenged this second assessment. Respondent ultimately ruled that petitioner had sold customer lists to its purchasers which were taxable under Tax Law § 1105 (c) (1) as the sale of information and that the oral communication of a single customer's name did not constitute the sale of a customer list. The amount of the sales tax attributable to the Long Island Rubbish transaction was therefore deleted. The instant CPLR article 78 proceeding for review of respondent's determination was commenced by petitioner and transferred to this court. The determination should be confirmed and the petition dismissed.

Petitioner's first contention, that the sale of information contained in a customer list is not taxable as a sale of information as defined in Tax Law § 1105 (c) (1), is without merit. This question was recently resolved in our decision in *Matter of Skaggs-Walsh v State Tax Commn.* (120 AD2d 786, *lv granted* 68 NY2d 607).

Petitioner's next argument, that respondent erred in finding that the Audit Division was correct in characterizing the covenant not to compete as a customer list and in reallocating the negotiated value of the covenant to the customer list, is rejected. The clauses in the contracts indicate that information concerning customers was being sold, not merely promises not to compete. This interpretation is reinforced by petitioner's guarantee that each purchaser would receive each customer's business for a specified period of time.

Petitioner did not present sufficient evidence to substantiate its claim. The burden in a hearing before respondent is on the taxpayer to prove by clear and convincing evidence that a tax

assessment is erroneous *(Matter of Micheli Contr. Corp. v New York State Tax Commn.,* 109 AD2d 957, 959; *see, Matter of Scarpulla v State Tax Commn.,* 120 AD2d 842). Tax Law § 1138 (a) (1) allows respondent to determine the amount of tax due from "such information as may be available". There were sufficient facts or reasonable inferences from the facts to support respondent's determination.

Petitioner's final argument, that the Audit Division and respondent should be estopped from reassessing the amount of tax owed by petitioner on the ground that the first assessment was binding on the Audit Division and respondent, is unpersuasive. Tax Law § 1138 (a) (1) states that a determination of tax, made by respondent when a return required to be filed is not filed or is filed incorrectly, "shall finally and irrevocably fix the tax". A similar phrase has been held to mean that the determination of tax is binding on the taxpayer unless he petitions for a hearing *(see, Matter of Turner Constr. Co. v State Tax Commn.,* 57 AD2d 201, 203). Further, Tax Law § 1142 (6) grants respondent authority to "assess, determine, revise and readjust" sales taxes imposed under Tax Law article 28. Respondent therefore was not bound by statute from redetermining the amount of sales tax petitioner owed.

Estoppel is ordinarily not employed against the State or a subdivision of the State. "[E]stoppel is usually applied against the Tax Commission only when it is necessary to prevent manifest injustice" *(Matter of Moog, Inc. v Tully,* 105 AD2d 982, 983). No manifest injustice has been shown in the case at bar.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.