■ In the Matter of MURPHY HEATING SERVICE, INC., et al., Petitioners, v RODERICK G. W. CHU et al., Constituting the State Tax Commission, Respondents.—Levine, J.

Petitioner Murphy Heating Service, Inc. (Murphy) sold its retail fuel oil business to petitioner General Utilities, Inc.

(General). Included in the sale price was some $337,000 for the "accounts of [the] seller". Subsequently, the Department of Taxation and Finance assessed a sales tax on the sale of Murphy's accounts on the ground that it constituted the sale of a customer list which was taxable as a sale of information under Tax Law § 1105 (c) (1). The assessment was upheld by the State Tax Commission after a hearing in which it was found that the sale of the accounts was taxable as the sale of information services.

There is ample evidence in the record to support the Tax Commission's finding that the sale of the "accounts of seller" was in fact the sale of a list of Murphy's customers and the right to do business with them to the future exclusion of Murphy. This makes the instant case indistinguishable from those in which we have previously held that such a transaction falls within the provisions of the tax imposed pursuant to Tax Law § 1105 (c) (1) as the sale of information rather than the sale of intangible goodwill assets as petitioners argued here (see, Matter of Meadowbrook Removal Corp. v State Tax Commn., 124 AD2d 423; Matter of Long Is. Reliable Corp. v Tax Commn., 72 AD2d 826, 827, lv denied 49 NY2d 707).

We are similarly unpersuaded by petitioners' contention that Tax Law § 1105 (c) (1) does not encompass the instant sale since General was never given an actual, physical written or printed customer list. General accessed Murphy's customer information via the entry of a password into a computer time-share system subscribed to be General and Murphy, and the list was then displayed on General's computer terminal. Tax Law § 1105 (c) (1) imposes a sales tax upon "[t]he furnishing of information by printed, mimeographed, or multigraphed matter or by duplicating written or printed matter in any other manner" (emphasis supplied), including by means of an electronic readout or display (20 NYCRR 527.3 [a] [1]). The Tax Commission's interpretation of Tax Law § 1105 (c) (1) as including the electronic transfer of information used by the parties here was neither irrational nor unreasonable and must be upheld (see, Matter of Howard v Wyman, 28 NY2d 434, 438). Petitioners' attempt to compare their accessing of computer memory with the nontaxable oral transmission of information (see, 20 NYCRR 527.3 [b] [3]) is not convincing.

The foregoing would be dispositive of this point but for the failure of the Tax Commission to make a determination of an issue properly raised at the administrative level. The record discloses that, at the hearing, petitioners interposed as an additional ground for its position that the instant transaction

was excluded from taxation under Tax Law § 1105 (c) (1) in that the list consisted of "information which is personal or individual in nature and which is not or may not be substantially incorporated in reports to others". The Tax Commission neither addressed this issue nor stated reasons for its failure to do so. Petitioners did not abandon this issue in bringing the instant proceeding, and it is contained in the petition and their brief on appeal. Accordingly, there must be a remittal for a determination of this issue.

Decision withheld, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.