*106 OPINION OF THE COURT
John G. Connor, J.
Petitioner, in this proceeding pursuant to CPLR article 78, challenges respondents’ denial of his request to file a late petition challenging respondents’ determination of sales and use taxes due. By notice dated November 27, 1984, respondents assessed Lou Halperin’ Stations, Inc. for sales and use taxes due in the amount of $3,104,141.11 including interest and penalties. That notice was sent to the corporation’s address via certified mail (Tax Law § 1147 [a] [1]). Also, a separate notice of petitioner’s personal liability for the payment of the tax due as the responsible officer of the corporation (Tax Law § 1131 [1]; § 1133 [a]) was sent via certified mail to his home (Tax Law § 1138 [a] [1]; § 1147 [a] [1]). There is no dispute that both notices were received and in proper form (Tax Law § 1138 [a] [2]).
The corporation exercised its right to apply to respondent for a hearing regarding the tax determination. Apparently believing the notices to be the same, petitioner did nothing in response to the notice of personal liability for the tax. Upon petitioner’s failure to request a hearing to dispute his personal liability for the tax, respondent proceeded to issue a warrant against petitioner in the amount of $4,657,510.03 for taxes due including interest and penalties (Tax Law § 1141 [b]).
Petitioner’s present counsel subsequently requested that respondent excuse petitioner’s failure to timely file for a hearing and permit him to file a petition nunc pro tunc as of the date of the corporation’s petition for a hearing. The request also sought to have respondent vacate its warrant against petitioner and thereby release the lien on his property. Respondent, in a letter dated March 27, 1986, refused petitioner’s requests in toto. This proceeding ensued.
Petitioner now challenges respondents’ denial of his request as arbitrary and capricious. Also, petitioner contends that respondents’ determination deprived him of his constitutional due process right to have a hearing as to whether he is the proper corporate officer who could be personally liable for the corporation’s taxes.[1] The relief requested is for this court to *107 annul respondents’ determination and permit petitioner to file a petition for a hearing pursuant to Tax Law § 1138. Alternatively, petitioner seeks leave to have the corporation’s petition for a redetermination amended to include petitioner. Also, petitioner seeks to have the warrant vacated and the lien imposed thereby released.
The statutory requirement that the taxpayer apply to respondent for a hearing within 90 days of the notice of tax determination is clear and unequivocal. Tax Law § 1138 (a) (1), in pertinent part, provides:[2] "Such determination shall finally and irrevocably fix the tax unless the person against whom it is assessed, within ninety days after giving of notice of such determination, shall apply to the tax commission for a hearing, or unless the tax commission of its own motion shall redetermine the same.” The excuses proffered by petitioner portraying his failure to petition for a hearing on the tax determination cannot be accepted to supplant the statutory requirement (see, Matter of West Mountain Corp. v State of New York Dept. of Taxation & Fin., 105 AD2d 989, 990, affd 64 NY2d 991). Petitioner received a notice, facially different from that received by the corporation, which clearly indicated that it was issued to him personally, and that he was personally liable for the tax determination rendered against the corporation. Any prudent person, especially a business person seeking to dispute the determination, would seemingly check this notice carefully to ensure that all steps were taken to perfect an administrative review. Similarly, petitioner’s argument that he has been denied his constitutional right to due process is also without merit. Petitioner was afforded every opportunity to challenge the tax determination against him personally, but failed to exercise that right by making a timely application for a hearing. Also, there are absolutely no factual allegations here that petitioner is not a person who is required to act for the corporation in the collection of taxes (see, Gage v State Tax Commn., 73 AD2d 635).
Petitioner also appears to make an argument that respondents should be estopped from keeping the tax warrant in effect. This argument is specious. The general rule is that estoppel cannot be employed against the State or a governmental subdivision, and that rule is particularly applicable to *108 the Tax Commission since the Tax Law is to be fully enforced (see, Matter of Moog, Inc. v Tully, 105 AD2d 982, 983). In this case, there is absolutely no basis for estoppel. Petitioner fails to present any evidence that respondents made representations that it would not issue a warrant against petitioners. The issuance of a warrant is, of course, a remedy clearly provided to the Tax Commission by Tax Law § 1141 (b). The notice from the Department of Taxation and Finance submitted by petitioner, which states that no further collection efforts will be taken, was sent after the warrant was issued. The fact that the notice may have been in response to petitioner’s inquiry before the warrant was issued is of no avail, since when the warrant was issued respondents had made no such assurances against enforcement. There is no indication that any further enforcement action has been taken since the Department’s notice was received by petitioner’s counsel. Also, no manifest injustice will result to petitioner since any redetermination decreasing the corporation’s tax liability will result in a decrease of petitioner’s personal liability notwithstanding the amount stated on the warrant (Tax Law § 1138 [a] [3] [B]).
Finally, petitioner will not be allowed to become a party to the corporation’s application for a redetermination of the tax. Such an amendment to the corporation’s petition would be improper first, because the corporation’s application for a rehearing is currently pending before the Tax Commission and not before this court here; secondly, because the imposition of personal liability upon petitioner is not an issue to be reviewed in the corporation’s application for a redetermination of its tax liability and thirdly, to permit such an amendment would assist petitioner in an attempt to evade the determination made herein.
The petition is, in all respects, dismissed.

. Since petitioner challenges respondents’ action as an unconstitutional application of the Tax Law, rather than challenging the Tax Law itself as unconstitutional, the constitutional issue is properly reviewed in the context of a proceeding pursuant to CPLR article 78 (see generally, Matter of Kovarsky v Housing & Dev. Admin, of City of N. Y., 31 NY2d 184,191).

. Tax Law § 1138 (a) (3) (B), added by Laws of 1985 (ch 65, § 82), which deals directly with corporate personnel who are personally liable for corporate taxes, but was not in effect at the time of the notice issued to petitioner, contains the same 90-day limitation.