■ ILANA REALTY, INC., et al., Respondents, v VILLAGE OF HAVERSTRAW, Appellant.—In an action for injunctive relief and for a judgment declaring that the defendant is estopped from collecting unpaid real estate taxes on the property owned by plaintiff Ilana Realty Inc., the defendant appeals from an order of the Supreme Court, Rockland County (Stolarik, J.), dated January 30, 1989, which granted the plaintiff's application for reargument, and, upon reargument, vacated a prior order of the same court dated July 6, 1988, granted the plaintiff's motion for a preliminary injunction, and denied the defendant's motion for summary judgment dismissing the plaintiffs' complaint.

Ordered that the order is reversed, on the law, with costs, the motion for reargument is denied, and the order dated July 6, 1988, denying the plaintiff's motion for a preliminary injunction and granting the defendant's motion for summary judgment dismissing the complaint, is reinstated.

The question to be addressed on this appeal is whether the doctrine of equitable estoppel can be invoked against a village to estop it from recovering back real estate taxes. This is a question of law to be determined by the court based on the facts presented.

The plaintiff Ilana Realty, Inc. (hereinafter Ilana) purchased the subject property in 1987. The plaintiff Ticor Title Guarantee Company (hereinafter Ticor) issued the title insurance policy on the property. The defendant had orally represented to Ticor, prior to the closing, that there were no real estate taxes outstanding on the property. The previous owner, a Federal agency, was exempt from real estate taxes.

Following the closing, the defendant served notice on Ilana of its intention to proceed by tax sale of the property to recover back taxes due on the subject property for the years 1977 and 1978, which amounted, with interest, to approximately $54,000.

In holding that the plaintiffs had demonstrated the likelihood of success on the merits, the Supreme Court relied on the decision in *Lang v City of New York* (34 AD2d 1014, *mod* 28 NY2d 601). In the *Lang* case, an employee of the City of New York had issued a receipt evidencing the payment of the

full year's taxes when, in fact, only a half year's taxes had been paid, and the purchaser of the property relied on that official receipt.

However, in the instant action, a title guarantee company seeks to rely on an oral representation made by an unidentified village employee, on the telephone, stating that no taxes were outstanding. The village had, two years earlier, advised Ticor in writing that back taxes were outstanding, in response to a written inquiry by Ticor on behalf of another prospective purchaser. We conclude that to apply estoppel against the defendant in these circumstances, and preclude it from recovering its tax revenue, would be an error of law.

Generally, estoppel may not be invoked against a municipal agency to prevent it from discharging its statutory duties (see, Matter of Parkview Assocs. v City of New York, 71 NY2d 274, 282; Matter of E.F.S. Ventures Corp. v Foster, 71 NY2d 359; see also, Matter of Hersch v Stroup, 19 AD2d 664). Courts have set forth two public policy reasons foreclosing application of the doctrine of estoppel in such circumstances; (1) to avoid public fraud, and, (2) to avoid violating the doctrine of separation of powers (see, Matter of E.F.S. Ventures Corp. v Foster, supra, at 370). In light of these policy reasons, we conclude that the present circumstances do not present one of those "rarest" of cases, where estoppel can be invoked against a governmental entity (see, Matter of Parkview Assocs. v City of New York, supra, at 282).

Accordingly, we find it appropriate to grant summary judgment to the defendant dismissing the complaint. Mangano, P. J., Rubin, Rosenblatt and Miller, JJ., concur.